This is an action of trover for a negro slave; and the question is, whether it is the proper action or not. By the marriage settlement the title of the slave is in the trustee, who permitted the plaintiff, however, to have the possession. It is one of the characteristic distinctions between this action and trespass that the latter may be maintained on possession; the former only on property and the right of possession. Trover is to personals what ejectment is as to the realty. In both, title is indispensable. It is true that as possession is the strongest evidence of the ownership of chattels, property may be presumed from possession. And, therefore, a plaintiff may not, in all cases, be bound to show a good title by conveyances against all the world, but may recover in trover upon such presumption against a *Page 448 
wrong-doer. Yet it is but a presumption, and cannot stand when the contrary is shown. Here it is completely rebutted by the deed, which shows the title to be in another and not in the plaintiff. As to the plaintiff's interest under the deed, that is only a trust and we cannot take notice of it. It is nothing here. A court of law can only regard legal rights; and if the plaintiff wishes to come into this Court upon his title, he must get the aid of his trustee, and proceed in his name.
Wherefore, I think the nonsuit must stand.
NOTE. — See Hostler v. Skull, 3 N.C. 179, and the note thereto.
Cited: Barwick v. Barwick, 33 N.C. 82; Boyce v. Williams, 84 N.C. 276;Russell v. Hill, 125 N.C. 472; Vinson v. Knight, 137 N.C. 411.
(622)