Nash, J.
 

 This is an action of replevin to recover two negroes. The only plea, the general issue, which is
 
 non cepit modo et forma.
 
 On the trial below, it was insisted by the defendants, that the plaintiff had not shewn any title to the negroes in himself. If it had been his intention to put in issue that question, he ought to have pleaded title in himself, or some other person, by whose authority he took the negroes. Under such a plea, it would have been incumbent on the plaintiff to show he had the title. In this case it was not necessary. The defendant had not denied it.by his plea. Under the plea of
 
 non ce-pit,
 
 all that the plaintiff has to do, is to prove the taking or having the goods, or part of them, in the place specified. As the defendant, under this plea, merely denies the taking, he cannot controvert the plaintiff’s title. 2 Star. Ev. 714, 15: 1 Ch. P. 482. 1 Saun. 347, n. 1. — . The jury by their verdict have found that the defendants did take the negroes,
 
 modo et forma.
 

 In looking into the record, however, we find that the verdict, from inadvertence, is not so taken as to authorise any judgment upon it. The jury say “ they find for the plaintiff, and assess, his damages to $500.” The writ has set forth the value of each of the slaves, and the jury in their verdict, as in an action of detinue, should have found the value of each slave separately. The act
 
 *40
 
 of 1828, 1st Rev. Statutes, ch. 101, sec. 5, directs, that when the plaintiff shall recover, “ final judgment shall be rendered against the defendant, and his sureties on his bond, for such
 
 value
 
 as shall be assessed by the jury, upon such slave or slaves demanded by the writ,” i &c.— Jt is manifest, then, that upon this verdict the Court can render no final judgment, because
 
 that
 
 must be for the valuó of the slaves as fixed by the jury. We should not disturb such a verdict, but direct a writ of enquiry to ascertain the value of the negroes,
 
 Key
 
 v.
 
 Allen,
 
 3d Mur. 524, if we were satisfied, that the want of an assessed value by the jury was the only error in the verdict; but we cannot believe that the verdict, as it appears on the record before us, expresses the real finding of the jury. Six hundred and fifty dollars is the value of the slaves, as sworn to by the plaintiff. We say the sworn value, because the law requires that the Clerk, in issuing the suit, shall annex to the description of each slave, a value double to that
 
 sworn to,
 
 and in the writ the value of both is stated to be 11300. The case states, that the negroes,
 
 shortly
 
 before the bringing of the writ, went into the possession of the defendants. The 6th sec. of the act 1828 requires the Court, when the plaintiff shall effect a recovery in a writ of replevin, to give him a judgment for double the real damages, assessed by the jury, for the taking and detention. If the verdict were permitted to stand, the Court, in obedience to the act, must give judgment for the plaintiff for #1000, and that for the damage sustained by the plaintiff for the detention of two negroes, whose real value is but #650. We cannot believe that such was the understanding or intention of the- jury. It may, however, have been so, but as they have omitted an essential part of their duty, we prefer ordering a
 
 venire de novo,
 
 to directing a writ of enquiry.
 

 Per. Citriam. Judgment reversed and a
 
 venire de novo
 
 ordered.