Peaiison, J.
 

 Benjamin Sutton, by his will, gave a number of slaves to his wife, Sarah Sutton, for her life : and at her death to be divided among his four daughters, one of whom was Winifred, the wife of Joshua Barwick, one of the defendants. Joshua Barwick and his wife sold their interest in said slaves to the plaintiff, who took four of them into his possession. Aftérwards, the said Joshua sold the two slaves sued for to Wood, who, with the assistance of the other defendant, Brown, took them from the possession of the plaintiff, and sent them out of the State; whereupon this action of trover was brought.
 

 The case made up by his Honor, states that it was not proven that Sarah Sutton was dead. [The plaintiff insisted that he was entitled to recover on two grounds ; 1st. because he had the title ; and 2nd., because he had, the possession, and could recover against wrong doers.
 

 
 *81
 
 His Honor charged ¡that the plaintiff could not.recover on the first ground, because it was not proved that Sarah Sutton was dead; but he charged,.on the second ground,1 that, if the plaintiff was in possession of the .slaves, and the defendants took them, and sent them out oí the country, he was entitled to recover their value, with interest from the time of the conversion: as the defendants were wrong doers and had shown no title. There was a verdict for the plaintiff, and, from the judgment thereon, the defendants appealed.
 

 The defendants excepted to the charge of his Honor, upon the second ground,(and we think the exception well founded.
 

 The bare possession is sufficient to maintain an action of tresspass against a wrong doer, for the gist of that action is an injury to the
 
 possession,
 
 and the measure oí* damage is not the value of the property, but the injury done to the plaintiff by having his possession disturbed.
 

 In trover, the injury done by the
 
 wrongful taking
 
 is waived, and the plaintiff supposes he has lost the property : and alleges that the defendant found it and wrong • fully converted it to his own use. So the gist of the action is not, that the defendant, having found the property, took it into his possession, but that, after doing so, he wrongfully converted it to his own use, and the measure of damage is the value of the property.
 

 It is true, that when nothing appears, but the fact that the defendant took the property out of the possession of the plaintiff and converted it to his own use, trover will lie. For the possession of personal property is
 
 prima fa-cie evidence
 
 of title, and in the absence of any proof to rebut this presumption, the person in possession is taken to be the owner and can recover the full value. But, if it appears on the trial, that the plaintiff, although in possession, is not in fact the owner, and that the property belongs to a third person, the presumption of title,
 
 in?
 
 
 *82
 
 ferred from tbe possession, is rebutted : and it would be manifestly wrong to allow the plaintiff to recover the value of the property. For the real owner may forthwith bring trover against the defendant, and force
 
 him
 
 to pay the value a second time, and the fact that he had paid it in a former suit would be no defence. When trover is brought and the defendant satisfies the judgment, he pays the value of the property, and the title is vested in him by a
 
 judicial
 
 transfer, because he has paid the
 
 price.
 
 Consequently,trover can never be maintained, unless a satisfaction of the judgment will have the effect of vesting a good title in the defendant, except when the property is restored, and the conversion was temporary. Accordingly, it is well settled as the law of this State, that to maintain trover, the plaintiff must show
 
 title
 
 and a possession, or a present right of possession.
 
 Hostler's administrators
 
 v.
 
 Scull, 2
 
 Haywood 139, Taylor 152, Las
 
 peyre
 
 v.
 
 McFarland,
 
 N. C. T. R, 187,
 
 Andrews
 
 v.
 
 Shaw,
 
 4 Dev. 70.
 

 ‘ There are cases in the English books, and in the reports of some of our sister states to the contrary; but we must be allowed to:say, that the doctrine of our Courts is fully sustained,:by the reason of the thing, and is most consonant with the peculiar principles of this action. The cases differing from our decision, are all based upon a misapprehension of the principle laid down in the leading case,
 
 Delimere
 
 v.
 
 Armory. In
 
 that
 
 case
 
 the| jewel was lost, and was found by the plaintiff, a chimney sweeper. He had a right to take it into possession, and became the owner, by the title of occupancy, except in the event of the true owner becoming known. The former owner of the jewel was not known, and it was properly decided that the finder might maintain trover against the defend ant, to whom he had handed it for inspection, and who refused to restore it.
 

 
 *83
 
 But the result of that case would have been very different. if the owner had been known. The defendant could then have said to the plaintiff, you have no right to make me pay you the value, when I must forthwith deliver up the property to the owner, or else pay him the value a second time;
 

 ¿,
 
 The distinction between that case, when the possessor was the only known owner, and the ordinary case of one, who himself has the possession wrongfully and sues another wrong doer for interfering with his possession, the true owner being known and standing by, ready to sue for the property, is as clear as day-íight.
 
 1
 

 In this cas/, for instance, as the facts appeared on the trial, the plaintiff was in the wrongful possession, which was disturbed by the defendant, and for that injury he had a right to recover in trespass. BuiSarah Sutton was known as the true owner, and had a right to demand her property of the defendants, or else to recover its value, and they could not protect themselves by showing that they had paid the full value to the plaintiff, under the coercion of a judgment and execution. This result would seem, by the
 
 reductio ad absurdum,
 
 to show that the inference from the case of
 
 Delimere
 
 v.
 
 Armory,
 
 that trover can be maintained against a wrong doer by one not having a naked possession, when the true owner is known*is contrary to good sense. That which is not good sense, is not good law.
 

 ZI.The judgment must be reversed and there must be a
 
 venire de novo. I
 

 Per Curiam. Judgment reversed and
 
 venire de nava*