Ruffin, C. J.
 

 Without having recourse to the presumption of a good title from a sale by the next of kin and upwards of twenty years’ possession by the plaintiff and those under whom he claims, since the death of the original owner, Rhodes, the Court is of opinion, that under the circumstances the plaintiff’s possession entitled him to hold the slave as against the defendant, who is a mere wrong-doer; and, therefore, that he may maintain this action of trover. It is distinguishable from the cases of
 
 White
 
 v.
 
 Ray,
 
 4 Ire. 14, and
 
 Powell
 
 v.
 
 Powell,
 
 11 Ire. 80; in the former of which the action was brought
 
 by
 
 the administrator, and in the latter, the true owner was in existence, and known. But this is more like the case of the lost jewel, for which the finder was allowed to maintain trover against the goldsmith, to whom it had been submitted for his opinion, and who refused to deliver it back.
 
 Armory
 
 v.
 
 Delamirie, 1
 
 Str. 505. For, although the rightful owner was not known then, it was known, that there must be some owner; and, therefore, if the mere possibility of an owner’s appearing or coming into existence would defeat the action, the plaintiff could not have had judgment. It would seem, therefore, •that, if the defendant had received the slave from the plaintiff and refused to re-deliver him, or had taken him from the plaintiff’s actual possession, he would he liable in trover. This is much the same; for, the plaintiff did not lose his possession by the slave’s running away, but he was still the •subject of larceny, as his and in his possession. Indeed he •was taken by the defendant and committed as a runaway. From whom ? Plainly, from the person, in whose possession he was at the time of absconding; and as such he was
 
 *377
 
 rightly detained as a runaway. The defendant, therefore, cannot bar the plaintiff by settingup his subsequent wrongful act of taking the slave out of prison and holding him against the plaintiff. The defendant wrongfully interfered with the plaintiff’s possession, which gave him such a right of property, as entitled him to hold against every person, except an administrator of Rhodes, if one should ever exist; and, there being none, he may have trover against a mere, wrong-doer.
 

 Pint Curiam. Judgment affirmed.