Pearson, J.
 

 Turpentine in boxes, in a state to be dipped up, is personal property. It no longer forms a part of the tree, but has been separated by a process of labor and cultivation. If, like the sap of the sugar-maple, its flow were directed into vessels on the ground near the tree, no one would doubt its being severed from the realty. This is the same in effect with turpentine, although its flow is directed into boxes cut in the tree itself. "When it ceases to be a part of the tree, it becomes personal property.
 
 State
 
 v. Moore, 11 Ire. Rep. 70.
 

 It. was then insisted, that although the turpentine was personal property, in the possession of the plaintiff at the time of the conversion, yet he could not maintain trover, for the right of property was not in him, and the true owner was known, to wit, the heirs of Blount, who had title to the land.
 

 It is settled by
 
 Barwick
 
 v.
 
 Barwick,
 
 11 Ire. Rep. 80, that trover will not lie upon a mere possession, where the true owner is known. The plaintiffs’ counsel commented .upon this case, but we are satisfied that it rests upon correct principles, and it is approved in
 
 Craig v.
 
 Miller, 12 Ire. Rep. 375, which case is distinguished and put on the ground taken in
 
 Armory v.
 
 Delamire, 1 Strange’s Rep. 505, that the true owner was not known. In our ease, however, suppose the land belongs to Blount’s heirs, that does not give them a right to the turpentine which had been severed from the realty by the plaintiffs, while they were in possession of the land ; on the contrary, the turpentine, when, by the labor and cultivation, of the plaintiffs, it was made personal property, became the property of the plaintiffs. Bo they arc the
 
 true owners.
 
 The heirs of Blount, if they ever regain possession of the land,
 
 *18
 
 may have an action of trespass
 
 quare dausum
 
 fregit, “ for treading down grass,” against tlie plaintiffs, but they will have no right of action to recover this particular turpentine, either against them, or the defendants, for they never had a right of property in it, and cannot acquire either a right of possession, or of property in respect to it, by the
 
 jus post lim-inii; Brothers
 
 v.
 
 Hurdle,
 
 10 Ire. Rep. 490. It is there held that the owner of land cannot maintain trover for corn, fodder, &c., that had been raised on the land and severed while the defendant was in possession. The court say, “ the amount of it would be, when one who has been evicted regains possession, he may maintain trover against every one who has bought a bushel of corn or a load of wood from the trespasser, at any time while he was iu possession! This, especially in a country where there are no markets overt, would be inconvenient, and no person could safely buy of one whose title admitted of question.”
 

 The defendants’ counsel took a distinction between things which are of annual cultivation, e. g. corn, and such as are of the natural growth of the earth, e. g. trees. The distinction makes a difference to this extent: the former is personal property for some purposes
 
 before
 
 severance, the latter is not; but
 
 after
 
 severance both species become personalty, and the same principle is applicable.
 

 The defendant’s counsel then insisted, that although he could not be sued in trover by Blount’s heirs, yet he would be exposed to their action of trespass
 
 qxiare
 
 dausum, in which the value of this turpentine would be incidentally involved, and he could not protect himself, by the plaintiffs’ recovery, from being charged a second tim ' ' therefore, he contended, the case
 
 Barwick
 
 v. Barwick, supra.
 

 The principle cannot be extended that far. The action of trover, founded upon the plaintiffs’ possession, can only be defeated when the trite owner is known, so that the defendant, by satisfying the judgment, -would not become the owner of the chattel by a judicial transfer, but would be exposed to
 
 *19
 
 a second action in respect to the chattel itself. A mere possibility that the owner may afterwards be discovered, will not defeat the action;
 
 Armory
 
 v. Delamire, supra;
 
 Craig
 
 v.
 
 Miller,
 
 supra.
 

 In our case, the plaintiffs are the owners of the chattel. The defendants, by satisfying the judgment, will acquire a perfect title to it, and the possibility that Blount’s heirs may sue them for trespass to the land, cannot defeat the action, for, in fact, the value of this turpentine would not even incidentally be chargeable to them, it having been severed and become the personal property of the plaintiffs before the defendants trespassed upon the land. So that the value of the turpentine could only be taken into the amount of damages in the action of trespass against the plaintiffs, which Blount’s lieim may bring against them. There is error.
 

 Pee CueiaM, Nonsuit set aside, and a
 
 venire de novo.