Elizabeth Maxwell, the plaintiff, was examined as a witness and testified that the horse in controversy was in the possession of Green W. Houston when he died; after his death, the defendant, who was administrator, told witness to come over to his house, and he would give up all her property in his possession. Witness went and wanted the horse, cow and calf he had taken home. He refused to give them up, but sold them in November, 1865. Witness forbade the sale. Upon cross-examination, she stated that she got the horse in 1854 or 1855 from Miles Lemmon; and that her son traded her horse for the one in controversy, when it was six months old. That her son died intestate and no one administered on his estate. Witness paid George W. Houston for wintering her colt. Mr. Houston got the horse from her when he was two years and a half old. He worked him for his food, and was to do the plowing and milling for the witness, and she was to use the horse when she wanted him.
Witness stated further, that her son claimed the colt as his own. That she never sold it or received anything for it. It was in proof that George W. Houston, the intestate, admitted in 1865, that he was (306) keeping the horse for its feed. Exception was taken to the examination of plaintiff as a witness. The exception was overruled by his Honor. The exception is not set out fully, as it is not noticed in the opinion of the Court. His Honor was asked to charge the jury, that plaintiff was not entitled to recover damages for the conversion of the horse, as she had proved that it belonged to her son, who had died intestate, and no one had administered on his estate. That the horse was the property of the administrator when such was appointed, and that until then the possession of plaintiff was not adverse. His Honor declined so to charge, and told the jury that if the plaintiff had obtained the horse in the manner stated by her, and had kept it, as she swore he had, that, for all the purposes of this action, it was her property and *Page 222 
she was entitled to recover damages for the conversion. Defendant's counsel excepted. There was a verdict for the plaintiff. Rule for new trial. Rule discharged. Judgment and appeal.
The relation which subsisted between the plaintiff and the intestate of the defendant was that of bailor and bailee, and was governed by the general principle that a bailee is estopped from denying his bailor's title.
When the defendant converted the horse and other articles he became a wrong doer, although he came to the possession by law, and he can not be heard to dispute the title of the plaintiff. For this, the case of Craig v.Miller, 34 N.C. 375, is authority.
PER CURIAM. No Error.
Cited: Lain v. Gaither, 72 N.C. 235; S. v. Colonial Club, 154 N.C. 187.
(307)