ELIZA BOYCE v. ROBERT WILLIAMS.

*Trover and Trespass—Evidence of title in.*

Where the plaintiff brings an action for the conversion of personal property to defendant's own use, it is a full defence to show that the same belongs to a third party, although no privity be shown to exist between the owner and the defendant. Distinction between trover and trespass discussed by SMITH, C. J.

(*Laspeyre* v. *McFarland*, N. C. Term Rep., 187 ; *Barwick* v. *Barwick*, 11 Ired., 80, cited and approved.)

CIVIL ACTION tried at August Special Term, 1880, of DUPLIN Superior Court, before *Schenck, J.*

This action begun before a justice of the peace and removed by appeal to the superior court is to recover the value of certain cattle, *taken by the defendant from the plaintiff's possession* and converted to his own use. The defendant claimed a right to take the cattle under a mortgage of them by one Haywood Pearsall to Harper Williams, the defendant's father, and he testified that the mortgage deed was made at his house and witnessed by himself, his father not being present, and he caused it to be registered ;. that the deed was never delivered to or seen by Harper Williams, and was taken by the witness under a general authority of said Harper to him to take such mortgages in his name, and that he took possession of the cattle claiming them as his own.

The court charged the jury :

1. That the deed was inoperative to pass the title to the property for want of delivery to Harper Williams ; and

2. That if the deed was effectual, the defendant having no authority from the mortgagee to take the cattle and showing no right in himself, was liable to the plaintiff.

Defendant excepted. Verdict and judgment for plaintiff, appeal by defendant.

Mr. H. R. Kornegay, for plaintiff.
No counsel for defendant.

SMITH, C. J., after stating the case. Such we understand to be the instruction under which a verdict was rendered in favor of the plaintiff for the value of the cattle and to which exception is taken.

The action is for property taken and converted to the defendant's use, and not for damages for an invasion of the plaintiff's possessory right, and under the former practice would in form be trover instead of trespass.

The action of trespass is for an injury to the possession, and compensation in damages is recovered against a wrongdoer, commensurate with the injury sustained. In either form of action, possession of personal goods being presumptive evidence of title, when not rebutted, entitles the plaintiff to recover in damages their full value. But when the action is for the conversion, or appropriation of the goods to the defendant's own use, it is a full defence to show that the goods belong to another person, and the plaintiff has no interest in them, although no privity be shown to exist between such owner and the defendant. This doctrine is settled by two adjudications in this state, to which alone we deem it necessary to refer.

In Laspeyre v. McFarland, N. C. Term Rep., 187, the action was in trover for a slave in possession of the plaintiff. The defendant showed no title in himself, but offered in evidence a marriage settlement entered into between the plaintiff and his wife and one Davis whereby the slave was conveyed to the latter, as trustee to permit the wife to have the labor and profits of the slave and to allow the slave to be under the plaintiff's control. In the superior court upon

these facts appearing the plaintiff was nonsuited. In this court, on the hearing of the appeal, RUFFIN, J., thus declares the law, in sustaining the judgment below: "It is one of the characteristic distinctions between this action and trespass that the latter may be maintained on possession; the former only on property and the right of possession. Trover is to personals what ejectment is to the realty. In both, title is indispensable. It is true that as possession is the strongest evidence of the ownership, property may be presumed from possession. And therefore the plaintiff may not in all cases be bound to show a good title by conveyances against all the world, but may recover in trover upon such presumption against a wrong-doer. Yet it is but a presumption and cannot stand when the contrary is shown. Here it is completely rebutted by the deed which shows the title to be in another and not in the plaintiff."

The same point came up in *Barwick* v. *Barwick*, 11 Ired., 80, and was similarly decided. PEARSON, J., after presenting the same views as to the law, proceeds: "But if it appears on the trial that the plaintiff, although in possession, is not in fact the owner, the presumption of title inferred from the possession is rebutted, and it would be manifestly wrong to allow the plaintiff to recover the value of the property. For the real owner may forthwith bring trover against the defendant and force him to pay the value a second time, and the fact that he had paid it in a former suit would be no defence." He adds, "that trover can never be maintained unless a satisfaction of the judgment will have the effect of vesting a good title in the defendant, except when the property is restored and the conversion was temporary. Accordingly *it is well settled as the law of this state that to maintain trover the plaintiff must show title and a possession, or a present right of possession.*"

As the erroneous rulings on this point must result in awarding a new trial, we pretermit the expression of any

opinion upon the correctness of the instruction that there was no delivery of the deed, and do not wish to be understood as giving it our approval.

The judgment must be reversed and a new trial granted. Let this be certified.

Error.                                         *Venire de novo.*