RICHARD HILL v. J. A. BUXTON and others.

*Pleading—Trespass and Trover—Judge's Charge.*

1. A complaint alleging that defendant seized plaintiff's goods and appropriated them to his own use, charges both a trespass and conversion, and constitutes a cause of action under the present system of procedure.

2. Where, in such case, the judge charged that if the jury should find that the property was taken from the *possession* of the plaintiff by force and against his will, he would be entitled to recover some damage, although he had no title; *Held*, no error.

(*Boyce* v. *Williams*, 84 N. C., 275; *Oates* v. *Kendall*, 67 N. C., 241; *Jones* v. *Mial*, 82 N. C., 252; *Parsley* v. *Nicholson*, 65 N. C., 207, cited and approved).

CIVIL ACTION tried at January Special Term, 1882, of NORTHAMPTON Superior Court, before *Graves, J.*

The defendants appealed.

*Mr. S. J. Wright,* for plaintiff.
*Messrs. W. Bagley* and *W. J. Peele,* for defendants.

SMITH, C. J.    The action, begun before a justice and removed by appeal to the superior court, is for the recovery of the value of a quantity of seed-cotton taken and appropriated to the defendant's use.    A formal complaint and answer were put in, and the controverted facts submitted to a jury, whose findings are favorable to the plaintiff.

The only exception that appears in the record is to the charge of the court, given in these words:

"If you, the jury, should find that the property was taken from the plaintiff by force and against his will, the same being in his possession, then the plaintiff would be entitled to some damages at least, although he had no title."

This charge would be clearly erroneous if the action, in form and substance, is but a substitute for the former action of trover, and to be governed by the same rules applicable to that, since trover is a mode of obtaining compensation for property unlawfully appropriated by the defendant, and that property must be general or special.    The plaintiff fails if he has neither.

Trespass was a form of action to obtain redress for an injury to the possession of the plaintiff, and the damages awarded are commensurate with the injuries sustained, and may be to the full extent of the value of the property.    Possession in both cases is, when unexplained, evidence of title to which it usually attaches.    The distinction is pointed out in *Boyce* v. *Williams,* 84 N. C., 275.

But the present system of civil procedure abolishes the forms of action used in the old superseded practice, while retaining the essential principles, and the complaint is a statement of the facts

out of which the cause of action arises, and if sufficient, entitles the plaintiff to a recovery whether the facts would constitute an action on contract or in tort.   *Oates* v. *Kendall*, 67 N. C., 241; *Jones* v. *Mial*, 82 N. C., 252.

This is the material change brought about in the practice, while the general "rules of pleading at common law and the essential principles still remain," modified only "as to technicalities and matters of form." *Parsley* v. *Nicholson*, 65 N. C., 207.

Recurring to the complaint, its averments of fact are as well adapted to a case of trespass as of trover, and, looking to the peculiarities of each, admit of a recovery in either form.

The defendant is charged with seizing the goods and appropriating them to his own use, and this is at once both a trespass and a conversion, and constitutes a cause of action.

There is no error in the charge and the judgment must be affirmed.

No error.                                   Affirmed.