### D. S. RUSSELL v. HILL and NELSON.

(Decided December 19, 1899.)

*Trover, Conversion—Title, Possession.*

1. In an action in the nature of trover, the plaintiff, in order to recover, must show both title and possession or the right of possession.

2. If a person in adverse possession of land sells the growing timber, which the purchaser cuts and removes, the latter can maintain an action against a wrongdoer who converts it, and the real owner of the land would have to proceed against the party in possession for damages to the freehold.

3. Against a wrongdoer possession is presumptive evidence of title, subject to rebuttal.

ACTION in the nature of trover, for the conversion of logs, tried before *Starbuck, J.,* at June Term, 1899, of the

Superior Court of SWAIN County, upon an agreed state of facts, the material parts of which are restated in the opinion. His Honor rendered judgment in favor of defendants, and plaintiff appealed.

*Messrs. G. S. Ferguson,* and *J. F. Ray,* for appellant.
*Mr. R. L. Leatherwood,* for appellee.

MONTGOMERY, J.   This case was heard upon an agreed state of facts, the material parts of which are as follows:

In 1887, after entry and survey, F. H. Busbee, trustee, received a grant from the State for a tract of land in Swain County.   Iowa McCoy made a subsequent entry and survey, and received a grant from the State for a part of the land embraced in the grant to Busbee, trustee.   Busbee, trustee, was the owner of the land by virtue of his grant, which was properly registered, and registered before the entry, survey and grant of Mrs. McCoy.   Mrs. McCoy had no knowledge of Busbee's grant except the notice which the law implies from the fact of registration.   Mrs. McCoy sold to the plaintiff certain timber standing on the land embraced in her grant, and the plaintiff cut the timber and carried the same in the shape of logs to the bank of the Nantahala River, a floatable stream, for the purpose of floating them to the Asheville Furniture Company.

While the logs were lying on the river bank, the defendants, without any claim of right or title to them from Busbee, trustee, or from anyone else, so far as the record shows, took possession of the logs without the consent of the plaintiff, and sold and delivered them to the Asheville Lumber Company for $686.84.   The Lumber Company is insolvent.

The Court, upon the facts agreed, adjudged that the plaintiff could not recover, and rendered judgment accordingly.

We are of the opinion that there was no error in the ruling and judgment of the Court. Busbee, trustee, was the legal owner of the land. Mrs. McCoy was not in possession. If she had been in adverse possession, the title to the logs would have passed to the plaintiff, and he could have maintained this action; and Busbee would have been compelled to proceed against Mrs. McCoy for damages to the freehold. *Brothers v. Hurdle,* 32 N. C., 490; *Ray v. Gardner,* 82 N. C., 264; *Howland v. Forlaw,* 108 N. C., 567.

The present action is in the nature of the old action of trover, and before the plaintiff could recover in an action of that nature he had to show both title and possession or the right of possession. The cases in our reports seem to be all one way on that point. In *Laspeyre v. McFarland,* 4 N. C., 187 (620), the plaintiff, who did not have the legal title, the action being trover for a negro slave, was nonsuited for that reason. On the trial, the defendant showed no title in himself, but proved the plaintiff's lack of title. On the appeal, this Court, in sustaining the judgment below, said: "It is one of the characteristic distinctions between this action and trespass that the latter may be maintained on possession, the former only on property and the right of possession. Trover is to personalty what ejectment is to realty. In both, title is indispensable. It is true that, as possession is the strongest evidence of the ownership, property may be presumed from possession. And, therefore, the plaintiff may not in all cases be bound to show a good title by conveyances against all the world, but may recover in trover upon such presumption against the wrongdoer. Yet it is but a presumption, and can not stand when the contrary is shown. Here, it is completely rebutted by the deed, which shows the title to be in another and not in the plaintiff." So in the case before us, the title to the land from which the timber was cut is shown,

RUSSELL v. HILL.

by the agreed state of facts, to have been in Busbee, trustee, and not in the plaintiff, or Mrs. McCoy.

The same point arose in *Barwick v. Barwick,* 33 N. C., 80, and was decided in the same way. The Court said: "But if it appears on the trial that the plaintiff, although in possession, is not in fact the owner, the presumption of title inferred from the possession is rebutted, and it would be manifestly wrong to allow the plaintiff to recover the value of the property; for the real owner may forthwith bring trover against the defendant and force him to pay the value the second time. And the fact that he paid it in a former suit would be no defense　*　*　*　; consequently trover can never be maintained unless a satisfaction of the judgment will have the effect of vesting a good title in the defendant, except where the property is restored and the conversion was temporary. Accordingly, it is well settled as the law of this State that to maintain trover the plaintiff must show title and the possession or a present right of possession." In the last-mentioned case, the Court went on to say, in substance, that, in some of the English books, and in some of the reports of our sister States, cases might be found to the contrary, but that those cases were all founded upon a misapprehension of the principle laid down in the case of *Belemere v. Armory,* 1 St., 505. There, a chimney-sweep found a lost jewel. He took it into his possession, as he had a right to do, and was the owner because of having it in possession unless the true owner should become known. That owner was not known, and it was properly decided that trover would lie in favor of the finder against the defendant, to whom he had handed it for inspection, and who refused to restore it. But the Court said the case would have been very different if the owner had been known. *Barwick v. Barwick, supra,* is sustained by *Boyce v. Williams,* 84 N. C., 275. The cases of *Craig v.*

*Miller,* 34 N. C., 375, and *Branch v. Morrison,* 50 N. C., 16, cited by the plaintiff's counsel in the argument, were decided on a different state of facts from those in this case, and, when read carefully, will be found to support the cases from which we have quoted.

Affirmed.

DOUGLAS, J., dissents.