## VINSON v. KNIGHT.

### (Filed February 21, 1905).

*Return of Justice of the Peace—Nature of Action—Trover and Trespass—Pleadings—Burden of Proof—Presumption.*

1. The statement of the testimony heard by a justice of the peace is not properly a part of the return to notice of appeal.

2. In an action begun before a justice of the peace, the character of the action and of the relief sought is fixed by the language used in both the summons and complaint; and where the summons and complaint, construed together, set forth a cause of action in trover or detinue, the mere recital that the property was forcibly taken from the possession of plaintiff's servants, does not set forth a cause of action in trespass.

3. In an action of trover or detinue the plaintiff must allege and show title, and it is open to the defendant, upon a denial of plaintiff's title, to show that the property belonged to a third person, without setting up in his answer the outstanding title.

4. In an action of trover or detinue, the admitted possession of property in the plaintiff at the time of the taking by the defendant, raises a presumption of title, which puts upon the defendant the burden of showing that title is not in the plaintiff.

ACTION by J. C. Vinson against M. J. Knight, heard by *Judge W. A. Hoke* and a jury, at October Term, 1904, of the Superior Court of HERTFORD County.

The plaintiff in the summons stated the cause of action to be "for the recovery of the possession of one red steer, * * * it being the steer the defendant took from Jacob Everett and Jordan Hill on the road to-day, of the value of $20, alleged by the plaintiff to be in the possession of the defendant and unlawfully detained by him from the plaintiff; the plaintiff further claiming to be entitled to the immediate possession of said property." The cause was heard by a

justice of the peace, who in his return upon the appeal stated that "the plaintiff complained for the possession of one red steer, described in the summons, of the value of $20, and alleged that the said steer was in his actual possession and that the defendant  *  *  *  forcibly took said steer by force and violence from  *  *  *  the servants of the plaintiff on the public highway in N—— County and that said defendant unlawfully detained the possession of said steer from the plaintiff." The defendant answering the complaint "denied the plaintiff's title to the steer and his right to recover possession of the same or its value." The defendant in testifying admitted that the steer was not his, and that he claimed no interest in it, and that he with his son forcibly took the steer from the possession of the plaintiff's servants on the public highway.  *  *  *  The plaintiff in the Superior Court moved for judgment upon the return of the justice of the peace. The motion was denied and the plaintiff excepted.

Without objection the Court submitted the following issues to the jury:

1. "Is the plaintiff the owner of the steer sued for? Ans. 'No.'"

2. "Does defendant wrongfully detain said steer from plaintiff? Ans. 'No.'"

3. "What is the value of the steer?" Not answered.

4. "What damage has plaintiff sustained by wrongful detention of same by defendant?" Not answered.

From a judgment for the defendant, the plaintiff appealed.

*Winborne & Lawrence,* for the plaintiff.
*D. C. Barnes* and *L. L. Smith,* for the defendant.

CONNOR, J., after stating the case. The plaintiff's motion for judgment upon the return of the justice is based upon the oral pleadings; the statement of the testimony heard by him is not properly a part of his return. Considered from

this point of view it becomes necessary to inquire whether the summons and complaint, construed together, set forth a cause of action in trespass, or whether by the allegations it is confined to an action for the recovery of the possession of the property. The plaintiff's contention that in an action for trespass—an injury to his possession—the question of title is not involved, save on the quantum of damages, is sustained by the authorities cited in his brief. The difficulty confronting him, however, is that he has stated a cause of action in trover or detinue and not in trespass. The action is for the possession of the property or its value; that was the judgment which he recovered before the justice. There is nothing in the summons, pleadings or return of the justice, or in his motion, to indicate that he was asking any other relief. While it is well settled that under The Code system, wherein forms of action are abolished, the plaintiff may have such judgment as upon the facts stated he is entitled to, it is equally true that the facts must be so stated that the defendant and the Court may see what relief the plaintiff seeks. The plaintiff expressly tells the Court that he is complaining "for the possession of one red steer" and that such possession is unlawfully detained by the defendant. It is true he says that the property was forcibly taken from the possession of his servants. The character of the action and of the relief sought is fixed by the language used in both the summons and complaint.

In *Clark v. Langworthy,* 12 Wis., 444, it is said: "The trespass, if one is relied on, should be so distinctly set forth that it may be seen with reasonable certainty what is the principal act complained of, and not of facts which might furnish ground for several different actions, stated in one count, leaving it impossible for the other party to know which to reply to." The trespass should not be laid by way of recital. 21 Enc. Pl. & Pr., 810.

It is evident from an inspection of the entire record that the plaintiff believed the steer to be his. He says that it is in his mark. His declared purpose is to recover the possession of the property. The answer of the defendant put him upon notice that the real issue was the question of title. He does not deny the trespass. The plaintiff takes his judgment before the justice in strict accordance with the summons and complaint. There can be but one reasonable construction put upon the record. His Honor would have permitted him either to amend his complaint or make it more definite if he had so requested. Our view is strengthened by the fact that after the refusal of the Judge to render judgment upon the pleadings, he submitted issues, without objection, appropriate to an action in the nature of trover or detinue. His Honor properly denied the motion.

The plaintiff objected to the introduction of testimony by the defendant tending to show the property in a third person. He says to do so would permit the defendant to take advantage of his own wrong. This assumes the very fact in controversy. If the steer was not the property of the plaintiff, the wrong done was in the trespass, and for this he could only recover such damage as he sustained in that respect. For the purpose of showing his actual damage, the question of title was material; but, as we have seen, the action being in trover or detinue, it is well settled by a long line of authorities that he must allege and show title. *Russell v. Hill,* 125 N. C., 470, in which the authorities are reviewed. It was open to the defendant upon this issue to show that the property belonged to a third person, otherwise he might be subjected to an action for conversion by the true owner. This principle is elementary and recognized and enforced in this State since the case of *Laspeyre v. McFarland,* 4 N. C., 620. The plaintiff says that the defendant should have set up in

his answer the outstanding title. We have examined the cases cited to sustain this proposition:

*Rowland v. Mann,* 28 N. C., 38, was an action of replevin in which the defendant pleaded the general issue. *Nash, J.,* said: "Under the plea of *non cepit,* all that the plaintiff has to do is to prove the taking or having the goods, or a part of them, in the place specified. As the defendant under this plea merely denies the taking, he cannot controvert the plaintiff's title." In the case before us the defendant expressly denied the plaintiff's title. The distinction is obvious.

In *Craig v. Miller,* 34 N. C., 375, *Ruffin, C. J.,* clearly points out the distinction between a case wherein it did not appear that the property belonged to a third person, as in *Armory v. Delamirie,* 1 Str., 504 (1 Smith L. C., 631), and where it was shown that the title to the property was in a third person. In *Barwick v. Barwick,* 33 N. C., 80, discussing *Armory v. Delamirie,* wherein it was held that the finder of a jewel could maintain trover against one taking it out of his possession, there being no evidence as to the true owner, it is said: "But the result of that case would have been very different if the owner had been known. * * * The distinction between that case, where the possessor was the only known owner, and the ordinary case of one who himself has the possession wrongfully and sues another wrong-doer for interfering with his possession, the true owner being known and standing by ready to sue for the property, is as clear as daylight." We could not make the distinction clearer by further discussion or citation of authorities. The plaintiff must recover upon the strength of his own title.

The same questions are raised by exceptions to the charge of his Honor. He properly put upon the defendant the burden of showing that the steer was not the property of the plaintiff, the admitted possession at the time of the taking

VINSON *v.* KNIGHT.

raising a presumption in his favor. *Boyce v. Williams,* 84 N. C., 275.

The plaintiff seeks to distinguish the case before us from those cited, for that the steer was taken from the possession of the plaintiff's servants by violence; and for this he cites *Lain v. Gaither,* 72 N. C., 234. In that case the property sued for was borrowed by the defendant from the plaintiff, and he sought to prevent its recovery by showing that the plaintiff had been adjudged a bankrupt. The Court held that having acquired possession under the plaintiff, he was estopped to show an outstanding title in another, unless he should connect himself with it. This is elementary learning. In an action for trespass, the violence of the defendant in taking the property should be considered in fixing the damages, either actual or punitive, but does not affect the right of action. The slightest trespass is sufficient to entitle the plaintiff to an action, as, in the case of realty, treading upon the grass. *Chaffin v. Mfg. Co.,* 135 N. C., 95.

We have carefully examined the authorities cited by the plaintiff's counsel in his excellent and exhaustive brief. The disposition of the case turns upon the cause of action set forth in the pleadings and which, as we have seen, involved the title to the property, and upon the strength of which the plaintiff must recover, if at all. This having been decided against him, the Court below properly rendered judgment for the defendant. We find no error in the record and the judgment must be affirmed.

Affirmed.

HOKE, J., took no part in the decision of this case.