JOHN P. HAUGHTON v. J. P. NEWBERRY.

An action for the recovery of the possession of personal property, (in the nature of *detinue* under our old system,) will not lie against one who was not in possession of the property at the time the action was commenced.

Nor can a plaintiff in such action, under a general prayer for " other relief," recover the judgment warranted by the facts proven. For although the names and technical forms of actions are abolished by the Constitution, yet in the very nature of things, there must be distinctions in respect to the remedies applicable to different cases.

(*Lea* v. *Pearce*, 68 N. C. Rep. 78, cited and approved.)

CIVIL ACTION, tried before *Watts, J.*, at the Spring Term, 1873, of the Superior Court of CHOWAN county.

The facts as appears of record are: In 1863 the defendant took possession of a boat, which was claimed by the plaintiff; and during that year he, the defendant, came to the plaintiff and offered to purchase the boat, stating at the time, it was in his possession. Plaintiff refused to sell.

Plaintiff was absent from the State until the Fall of 1868. In 1870, ascertaining where the boat was, he demanded its possession of defendant, who informed him that he had since purchased the boat from the executrix of T. L. Skinner, deceased, and would not surrender it unless repaid the purchase money. Plaintiff afterwards saw and identified the same boat (his property) in the possession of one Mariner, to whom the defendant had sold it.

In December, 1871, this action was commenced.

His Honor upon calling the case at Spring Term, 1873, having intimated an opinion that the plaintiff's right to recover was barred by the statute of limitations, plaintiff excepted.

Defendant asked the Court to charge that this is an action of *trover*, and inasmuch as there was no proof that the boat was in possession of the defendant at the time of the demand by the plaintiff since the war, the plaintiff could not recover. His Honor so held, and the plaintiff excepting, submitted to a judgment of non-suit, and appealed.

*A. M. Moore*, for appellant.
*J. A. Moore* and *Gilliam & Pruden*, contra.

PEARSON, C. J. It is alleged by the complaint that the defendant was in possession of the boat at the commencement of the action, and judgment is demanded for the recovery of the possession of the boat, and damages for its detention, as in the action of *detinue* under the old system.

On the trial the fact turned out to be that the defendant was not in possession of the boat at the commencement of

the action, but had sold it and passed the possession to one Mariner. Upon this state of facts, his Honor intimated an opinion that the plaintiff could not recover, and the plaintiff submitted to a non-suit, and appealed.

We do not concur with his Honor, in either of the particular positions he assumed at the instance of the defendant's counsel. The action set out in the complaint is certainly not an action of "trover," and had it been an action of trover the plaintiff would have been entitled to recover the value of the boat by way of damages for wrongful conversion; but we do concur in his general conclusion, that as the case then stood the plaintiff could not recover, and an affirmance of the judgment may furnish an illustration of the idea, that "two negatives sometimes amount to an affirmative."

There was a fatal variance between the allegation and the proof. In face of the fact, that the defendant did not have the possession at the time of the commencement of the action, as a matter of course the plaintiff was not entitled to the judgment demanded by the complaint, to-wit: To recover the possession of the boat, for under that judgment the writ of execution would command the sheriff to deliver the boat to the plaintiff, and Mariner, who was a purchaser, upon the "lis pendens," would be deprived of his possession by a judgment in an action to which he was not a party; so that, as the pleading then stood, his Honor was obliged to hold that the plaintiff could not recover; upon this intimation the plaintiffs counsel should have admitted that the action was misconceived, because of his mistake as to the fact that the defendant was not (as he had supposed) in possession of the boat at the time of the commencement of the action, and that instead of demanding judgment for the recovery of the possession of the boat, he ought to have demanded judgment for the value of the boat, by way of damages, as in action of trover, and thereupon asked leave

to amend the complaint so as to conform it to the proof which would have been allowed without costs, as the defen-dant could not have been misled by the misprision, C. C. P., sections 128, 129, 132. But instead of this, he takes an appeal, for the supposed error, in ruling that as the pleading then stood, the plaintiff could not recover.

The position taken in the argument here, is, that although the plaintiff was not entitled to the judgment demanded in his complaint, yet if the facts proven showed that he had a cause of action, the Judge ought to have disregarded the allegations and demand of judgment set out in the com-plaint, and given such judgment as the facts showed that the plaintiff was entitled to, without reference to the plead-ings or form of the action, in analogy to the procedure in courts of equity, by which under "the general prayer for relief" the plaintiff, although not entitled to the relief spe-cifically prayed for, has a decree for such other relief as he may be entitled to. This innovation is put on the ground that by the new Constitution, the distinction between actions at law and suits in equity, and the forms of all such actions and suits are abolished, and there shall be but one form of action. In other words, the position of the learned counsel is, that under the new order of things, a plaintiff may make any allegation he pleases, and demand any judgment that suits his fancy, and although at the trial he fails to prove his allegations and to show that he is entitled to the judg-ment demanded, yet if upon the evidence he has any cause of action whatever, he shall have judgment according to such cause of action. The proposition is so startling to one accustomed to certainty in judicial proceedings as to be difficult to approach; an attempt to draw an analogy from the procedure in equity is far-fetched; for, in courts of equity, the evidence is all in writing. The Chancellor tries the facts as well as the law, and can take his own time for it; whereas, in the mixed tribunal under the Constitution,

of 1868, the trial of issues of fact is for a jury. The Court is to decide issues of law only, and the jury must, during the term, pass upon the issues of fact. How can the Judge under our system, consider a matter to be a fact, unless it be so found by the verdict of a jury, or be admitted by the parties? In *Lea* v. *Pearce,* 68 N. C. Rep. 78, it is said, "the provision in our present Constitution by which the distinction between actions at law and suits in equity is abolished, and the subsequent legislation effects only the mode of procedure, and leaves the principle of law and equity intact."

In this case we say, the provision in our present Constitution by which it is ordained, "The distinction between the forms of action at law and suits in equity is abolished, and *there shall be but one form of action,* and the subsequent legislation effects only the mode of procedure, and leaves the principles which form the nature of the procedure must of necessity be applied, whether in a court of law or of equity intact." For illustration, the Constitution in confering jurisdiction upon Justices of the Peace, restricts it to civil actions *founded on contract,* thus recognizing the jurisdiction which in the nature of things must exist between actions *ex contracto* and *ex delicto,* as expressed in the old mode of procedure. So the Code of Civil Procedure, which professes to carry out this ordinance of the Constitution, of necessity recognizes the distinction that must exist as to the principles applicable to the different actions or remedies fitted for the many state of facts in the cases that are of daily occurrence; and although it is ordained by the Constitution there shall be but one form of action," it was manifest from the nature of the subject to the framers of the Constitution, that this could not be literally carried into effect. Accordingly, by an ordinance of the Convention, commissioners are appointed to prepare a code of practice and procedure. So the Code of Civil Procedure is a statute in which the Convention that framed the Constitution took

the initiative, for the reason that although the *names* and *technical forms* of action are abolished, yet in the very nature of things there must be distinction in respect to the remedies applicable to differing cases. A recognition of a difference in causes of action and the judgment appropriate to the cases respectively, was a matter of necessity; hence, the C. C. P. recognizes the distinction between actions founded on contracts and on torts; on injuries to the person or to property—on an injury to land by wrongfully withholding the possession or by breaking the close, treading down the grass, &c., or an injury to "goods and chattels," by detaining them from the owner, or by destruction or conversion, as in our case. Were it otherwise, the plea of former judgment for the same cause of action could never be maintained, without a resort to parol evidence to show upon what state of facts the judgment had been rendered; defendants never would know what complaint they would be called on to make; in fact the ills and inconveniences that would result from such loose pleading, or rather "no pleading," are innumerable.

Ample room is made for the amendment of pleading, so as to conform it to the facts as proved in every case, thus preserving certainty in pleading, and at the same time giving effect to the true intent and meaning of the Constitution, which was not to abolish "the noble science of pleading as a means necessary for the administration of justice," but simply to divest it of the forms and technicalities by which it had become disfigured.

There is no error.

PER CURIAM.                    Judgment affirmed.