JAMES WEBB v. L. L. TAYLOR and HENRY HAYSTY.

*Claim and Delivery—When Maintainable.*

Claim and delivery is not maintainable against one who has neither possession nor control of the property sought to be recovered, but who has sold and delivered it to another party.

(*Jones* v. *Green*, 4 Dev. & Bat., 354; *Charles* v. *Elliott*, *Ibid.*, 468; *Foscue* v. *Eubank*, 10 Ire., 424; *Haughton* v. *Newberry*, 69 N. C., 456; *Slade* v. *Washburn*, 2 Ire., 414, cited and approved.)

CLAIM AND DELIVERY tried at Spring Term, 1878, of NORTHAMPTON Superior court, before *Seymour, J.*

20

The opinion contains the facts. Upon overruling the demurrer the defendant appealed.

·*Mr. W. C. Bowen,* for plaintiff.
*Mr. R. B. Peebles,* for defendant.

SMITH, C. J. This action is brought under C. C. P., Title IX, ch. 2, §§ 176 to 187, to recover possession of a mule.

The complaint alleges the taking of the mule from the plaintiff by the defendant, Taylor, his subsequent selling to the defendant, Haysty, and the possession of the latter. The defendant, Taylor, demurs to the complaint, for that, it does not show possession in him, and his co-defendant answers.

On the hearing of the demurrer it was overruled and Taylor appeals.

We think there is error in the ruling of the court, and ·that upon the pleadings unamended the demurrer ought to have been sustained.

The gist of the action is the wrongful withholding of the ·plaintiff's property, and the remedy sought, its restoration to the owner with damages for the detention. It resembles and is substantially a substitute under the new, for the forms ·of detinue and replevin in use under the old system of practice, and affords the same measure of relief. Possession must be ·averred and shown to be in the defendant, or that he retains such control over the property if in the hands ·of his bailee or agent, that it can be surrendered to the plaintiff if the court shall so adjudge. The authorities cited in the argument for the appellant clearly establish this proposition—*Jones* v. *Green,* 4 Dev. & Bat., 354; *Charles* v. *Elliott,* .*Ibid,* 468; *Foscue* v. *Eubank,* 10 Ire., 424.

In *Slade* v. *Washburn,* 2 Ire., 414, it was held that a joint action of detinue would not lie against two persons who took certain slaves from the plaintiff at one and the same time, ·one defendant being in possession of a part of the slaves,

and the other defendant being in possession of the other slaves; though an action of trespass could be maintained against both.

The same principle is applied to the action prescribed in the Code in *Haughton* v. *Newberry*, 69 N. C., 456. In that case the plaintiff sued to recover a boat which the defendant had sold to another person before the action was commenced, and it was decided that as the boat was not in the possession nor under the control of the defendant, the plaintiff could not recover in this form of proceeding. In delivering the opinion of the court, PEARSON, C. J., says: "In face of the fact that the defendant did not have possession at the time of the commencement of the action, as a matter of course, the plaintiff was not entitled to the judgment demanded in the complaint;" and he adds, "that instead of demanding judgment for the recovery of the possession of the boat he ought to have demanded judgment for the value of the boat, by way of damages, as in an action of trover, and thereupon asked leave to amend the complaint so as to conform it to the proof, which would have been allowed without costs as the defendant could not have been misled by the misprision. C. C. P. §§ 128, 129, 132. But instead of this he takes an appeal for the supposed error in ruling that, as the pleading then stood, the plaintiff could not recover."

Not only does the plaintiff here fail to allege any separate possession in the appellant or any common possession in both defendants, but his complaint shows that the appellant had sold the mule to the other defendant and had no control over him. Upon these allegations the plaintiff could not maintain his action against the appellant alone, nor with any more reason against him, when associated in the action with one who may be liable. His defence is several and equally available in either case. The judgment must be reversed. This will be certified to the end that further

proceedings be had in the court below in accordance with this opinion.

Error.                                           Reversed.