S. F. and J. S. MOORE, partners of firm of S. F. Moore & Co., v. W. T. BRADY.

(Decided October 10, 1899.)

*Claim and Delivery—Verbal Mortgage—Possession—Description.*

1. A parol mortgage may be enforced in this State, if such a mortgage as could be enforced had it been in writing.
2. An action for possession of property must be brought against the party in possession.
3. The property must be so described as to identify it.

CLAIM AND DELIVERY for a bale of cotton, commenced in Justice's Court of NORTHAMPTON County, appealed to the Superior Court, and determined before *Hoke, J.,* at Spring Term, 1899. The action was commenced October 12, 1898. There were no written pleadings. The plaintiff claimed the possession of a bale of cotton of the value of $25 under a verbal mortgage to him from the defendant made in February, 1898, to secure a balance of that amount due by account— which cotton Henry Bracy, a tenant of defendant, would owe him as rent, at the end of the year.

Under this auxiliary proceeding the officer took from the possession of Bracy the bale of cotton in controversy, as the rent bale—there being in his possession other cotton of the crop of 1898.

The defendant controverted the verbal mortgage, and its legal effect if made, and also the validity of the legal proceedings, so far as he was concerned, and moved to nonsuit the plaintiff.

His Honor declined to nonsuit, and instructed the jury as follows: .

That if they were satisfied from the evidence that defendant gave to plaintiffs a verbal mortgage on a bale of cotton, to be paid him by Henry Bracy as rent, or that Brady told plaintiffs that the bale of cotton belonged to them, then the jury should find all the issues in favor of the plaintiffs:  *Provided,* they were also satisfied by the evidence that at the time the action was commenced, the defendant was in the actual possession of the bale of cotton seized, or had control thereof.

Defendant excepted.

There was verdict for plaintiffs, and judgment accordingly. Defendant appealed.

*Mr. R. B. Peebles,* for defendant (appellant).
No counsel *contra.*

FURCHES, J.   This action was commenced before a Justice of the Peace for the possession of a bale of cotton, plaintiff claiming that he was the owner of the same by virtue of a verbal mortgage.   The defendant seems to have been indebted to the plaintiffs, which they agreed to be $25, and to secure the same stated that one Henry Bracy, a tenant of defendant, would be due him a bale of cotton as rent; and agreed verbally to mortgage the same to plaintiff, to secure the payment of the $25.   This was in February and the action was brought in October.   So it would seem that the cotton that plaintiff contends was mortgaged to him was to be planted and raised after the date of the transaction which plaintiff claims to have been a verbal mortgage.   The terms of this agreement, according to the plaintiff's testimony, was as follows:   "That defendant told plaintiff that at the end of the year a tenant of his, one Bracy, would owe him a bale of cotton for rent: that it would be worth $25; that he, defendant, would give plaintiff a mortgage on the bale of cotton; that

plaintiff accepted this offer and looked for a blank mortgage to reduce it to writing, but finding none, he called J. H. Carter to witness the agreement."

The defendant denied that he mortgaged plaintiff any cotton; denied that he was in possession of any cotton belonging to plaintiff by mortgage or otherwise, when this action was commenced or afterwards; and contended that, admitting the conversation, as stated by plaintiff, it conveyed no cotton to plaintiff, and that his action must fail.

The Justice granted the writ of possession and it was in evidence by the officer who had this writ or order in his hand, that he went to Henry Bracy (the party named as tenant) and got a bale of cotton under said order; that Bracy had other cotton, but he did not know whether it was ginned or not. Upon this evidence, under the instructions, of the Court, the jury found a verdict for the plaintiff, upon which he had judgment. Defendant excepted and assigned as grounds for his exceptions the matters set out above.

A parol mortgage may be enforced in this State, but it must be such a mortgage as could be enforced if it had been in writing. And it seems to us that there is error, and that the plaintiff can not sustain his action upon this evidence for two reasons, even if the transaction between plaintiff and defendant is sufficient to constitute a mortgage.

An action for the *possession of property* must be brought against the party in possession. *Haughton v. Newberry,* 69 N. C., 456; *Webb v. Taylor,* 80 N. C., 305.

We note the fact that it is said in the last case cited that the property must be in the defendant's actual possession or under his control. This must mean that it is in the possession of defendant's agent, attorney or factor, who would be entitled to the control of the property.

In this case the language of the plaintiff is that the defend-

ant said that Bracy would *owe* him a bale of cotton. It is not claimed that the cotton seized by the officer was in the actual possession of the defendant.

But the further reason is that no particular bale of cotton was named or described—"Will owe me a bale of cotton—and it appears from plaintiff's evidence that Bracy had other cotton. This being so, the mortgage conveyed no cotton, and plaintiff's action must fail on that account. *Blakely v. Patrick,* 67 N. C., 40; *McDaniel v. Allen,* 99 N. C., 135.

New trial.