GENERAL MOTORS ACCEPTANCE CORPORATION v. GEORGE WAUGH
AND G. A. BROWN.

(Filed 28 January, 1935.)

**1. Claim and Delivery A a—**

An action in claim and delivery, being for the possession of property, must be brought against the party in possession. N. C. Code, 830, 831 (2), 834, 836.

**2. Same—**

Upon the findings of fact by the court under agreement of the parties defendant *is held* estopped to deny that the property, the subject of the action in claim and delivery, was in possession of defendant at the time of the institution of the action.

**3. Appeal and Error E g—**

The record imports verity, and the Supreme Court is bound thereby.

APPEAL by plaintiff from *Alley, J.*, 7 September, 1934. From GUILFORD. Reversed.

This action was commenced and tried in the municipal court of the city of High Point. The judgment of that court is as follows: "This matter coming on to be heard, it was agreed by the parties that the same should be heard by the court without a jury, and the same having been called, the plaintiff offered the following evidence: George Waugh testified that on or about 27 June, 1931, that he lived in the city of Amarilla, Texas, and was the owner of one Chevrolet coach, the property described in the pleadings herein; that he purchased the same from the Plains Chevrolet Company, and gave them a conditional sales contract, and that the said contract was assigned to the plaintiff, and that it is now the owner of the same.

"The plaintiff introduced the sales contract, which is not recorded, and the defendant G. A. Brown objected to the introduction of the same for the reason that the same was not recorded. The plaintiff contended that the contract was a Texas contract, and that there was no evidence that the same was required to be recorded in the State of Texas, and the same was admitted.

"The witness Waugh further testified that after purchasing the said car in Texas, and executing the said conditional sales contract, which is now in the possession of the plaintiff, that he brought the said car to North Carolina, and that the same was stored in the garage of Jettie Garland, and that he had never sold the same, or authorized anyone to take possession of it.

"On cross-examination, he denied that he had any dealings with G. D. Quattlebaum, and that he was now the owner of the said car herein in question. It is found as a fact that this is a claim and delivery action, and that the defendant G. A. Brown file herein a replevy bond and retain the possession of the car herein. The defendant offered in evidence a title to the car in question to Mrs. G. B. Barnhart, of High Point, North Carolina. The defendant moved, at the conclusion of the plaintiff's evidence, for judgment of nonsuit, which was refused, and the defendant Brown excepted.

"From the foregoing evidence the court finds as facts that the defendant Waugh purchased the car in question in the State of Texas, and executed and delivered to the Plains Chevrolet Company of Texas a conditional sales contract, of which the plaintiff is now the owner, and that the same is a lien on the automobile herein in question, and that the plaintiff is entitled to the possession of the same.

"Now, therefore, upon the foregoing findings of facts and upon motion of Walser & Casey, attorneys for the plaintiff, it is ordered and adjudged that the plaintiff recover of the defendant G. A. Brown one Chevrolet coach, Motor No. 1990349, Serial No. 5AD3023; and that the case be retained on docket to ascertain any amount which may be due the plaintiff on account of the retention of this car from the time of the filing of the replevy bond having been filed and the taking of the same under this judgment. This 2 May, 1934. Lewis E. Teague, Judge Municipal Court.".

The defendant's exceptions and assignments of error are as follows: "(1) The municipal court erred in allowing the plaintiff to introduce in evidence the conditional sales contract, marked 'Plaintiff's Exhibit No. 1.' (2) The municipal court erred in overruling defendant's motion for judgment as of nonsuit, at the close of the plaintiff's evidence. (3) The municipal court erred in overruling defendant's motion for judgment of nonsuit at the close of all the evidence. (4) The municipal court·erred in signing the judgment as appears in the record."

The appeal was heard before Judge Felix Alley, in the Superior Court of Guilford County, and the following judgment rendered: "This cause coming on to be heard, and being heard before his Honor, Felix E. Alley, judge presiding in the Twelfth Judicial District, upon appeal of the defendant G. A. Brown from the judgment of the municipal court of the city of High Point, and the case on appeal having been presented, and the matter having been argued by counsel, and after argument and due consideration, the court rules as follows upon the defendant's (appellant's) exceptions and assignments of error: First, that Exception No. 1 be overruled. Second, that Exception No. 2 be sustained. Three, that Exception No. 3 be sustained, and that, therefore, Exception No. 4 should be sustained. Now, therefore, it is ordered, adjudged, and decreed that the judgment of the municipal court of the city of High Point in said cause be and the same is hereby reversed; and it is further ordered that this cause be remanded to said court and judgment of nonsuit entered therein. This Friday, 7 September, 1934. Felix Alley, Judge presiding."

The sole exception and assignment of error of plaintiff appellant is to the judgment of the Superior Court reversing the municipal court by nonsuiting the plaintiff.

*Walser & Casey for plaintiff.*
*D. C. MacRae and Dalton & Pickens for defendant G. A. Brown.*

PER CURIAM. N. C. Code, 1931 (Michie), sec. 830, is as follows: "The plaintiff in an action to recover the possession of personal property may, at the time of issuing the summons or at any time before answer, claim the immediate delivery of the property, as provided in this article."

An action for the possession of property must be brought against the party in possession. *Haughton v. Newberry,* 69 N. C., 456; *Webb v. Taylor,* 80 N. C., 305; *Moore v. Brady,* 125 N. C., 35 (37). Claim and delivery is not maintainable against one who has neither possession nor control of the property sought to be recovered, but who has sold and delivered it to another party. *Webb v. Taylor,* 80 N. C., 305.

The affidavit and requisites of claim and delivery are set forth in section 831 (2), which is as follows: "Where a delivery is claimed; an affidavit must be made before the clerk of the court in which the action is required to be tried or before some person competent to administer oaths, by the plaintiff, or someone in his behalf, showing—(2) that the property is wrongfully detained by the defendant."

Section 834 is as follows: "Upon the receipt of the order from the clerk with the plaintiff's undertaking the sheriff shall forthwith take the

property described in the affidavit, if it is in the possession of the defendant or his agent, and retain it in his custody. He shall also, without delay, serve on the defendant a copy of the affidavit, notice, and undertaking, by delivering the same to him personally, if he can be found, or to his agent, from whose possession the property is taken; or, if neither can be found, by leaving them at the usual place of abode of either, with some person of suitable age and discretion."

Section 836 is as follows: "At any time before the delivery of the property to the plaintiff, the defendant may, if he does not except to the sureties of the plaintiff, require the return thereof, upon giving to the sheriff a written undertaking, payable to the plaintiff, executed by one or more sufficient sureties, to the effect that they are bound in double the value of the property, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, with damages for its deterioration and detention, and the costs, if delivery can be had, and if delivery cannot be had, for the payment to him of such sum as may be recovered against the defendant for the value of the property at the time of the wrongful taking or detention, with interest thereon, as damages for such taking and detention, together with the costs of the action. If a return of the property is not so required, within three days after the taking and service of notice to the defendant, it must be delivered to the plaintiff, unless it is claimed by an interpleader. The defendant's undertaking shall include liability for costs, as provided in this section, only where the undertaking is given in actions instituted in the Superior Court."

C. S., 840, sets forth proceeding when property is claimed by a third person. On the argument of this case, we were under the impression that the nonsuit in the court below was correct. The defendant in his brief says: "Therefore, possession not having been shown in the defendant Brown at any time, and it positively appearing that other named persons actually had possession, nonsuit should have been entered as to him. Hence, the Superior Court's reversal of the municipal court of High Point should be affirmed."

We are bound by the record here, it imports verity. It appears in the judgment in the municipal court "it was agreed by the parties that the same should be heard by the court without a jury." It further appears: "It is found as a fact that this is a claim and delivery action, and that the defendant G. A. Brown file herein a replevy bond and retain the possession of the car herein."

Under this finding of fact, it is presumed that the parties complied with the law above set forth, that the sheriff took the property which was in the possession of the defendant Brown, C. S., 834, and the defendant Brown gave the undertaking, as required by C. S., 836.

It is well settled that the record in regard to these matters cannot be considered in evidence unless admitted or introduced on the trial. In the findings of facts in this case by the municipal court, we think that the defendant Brown is estopped to make the contentions that the property, when seized, was not in his possession.

Mrs. G. B. Barnhart did not interplead, as she had a right to do under C. S., 840, *supra*.

For the reasons given, the judgment must be
Reversed.