E. G. McDANIEL v. ROBERT ALLEN et al.

*Agricultural Lien—Mortgage—Claim and Delivery—Judgment—Contract—Evidence.*

Where A, the tenant of P, executed to M an agricultural lien to secure advances on the crops to be grown on the land of P, and the latter at the same time agreed with M to release three bales of cotton to be grown, and upon which he claimed he held a prior lien ; *Held :*

1. That the declarations of P made after suit was brought that M should have the three bales of cotton, was irrelevant.

2. That as no particular bales of cotton had been specifically set apart to be released by P, M could not maintain an action against him for the recovery thereof ; and that his remedy, if any, was for the breach of contract to release.

CIVIL ACTION for the recovery of personal property, tried before *Connor, J.,* at March Term, 1887, of the Superior Court of JONES County.

In February, 1883, the defendant Allen executed to the plaintiff an agricultural lien on the crops of corn, cotton, &c., to be raised by him "during the year 1883, on the lands of J. C. Parker, or elsewhere," to secure advancements to the amount of $300. By the same instrument there was also conveyed two horses, a buggy and other personal property as additional security. At the same time J. C. Parker wrote to the plaintiff as follows: "I will release three bales of cotton for Bob to pay you on the horse he bought of you ; the bales shall weigh 500 each." It is admitted that "Bob" meant the defendant Allen.

On the same day that the summons was issued in this action the plaintiff sued out claim and delivery for the personal property mentioned in the lien executed to him by the defendant Allen, and it was seized by the Sheriff.

The crop was replevied by the defendant Parker, and the other personal property was delivered to the plaintiff.

After the complaint was filed, the defendants Parker & Simmons were permitted to interplead, and they filed an answer alleging ownership of the crops in themselves.

At Spring Term, 1887, the plaintiff filed an amended complaint alleging indebtedness of defendant Allen for supplies advanced to enable him to make a crop in 1883, on the lands of the defendant Parker.

The defendants Parker & Simmons also filed an amended answer, in which it is admitted that the defendant Parker agreed to release his claim as landlord to three bales of cotton to be raised by Allen to be applied to the payment of a horse sold to said Allen by the plaintiff, but they say the plaintiff had other security primarily liable for said debt, which he had seized and sold and purchased himself, and which should be so applied.

The plaintiff introduced as evidence the lien which also included the mortgage of personal property, the paper written by Parker releasing three bales of cotton, the note of Allen for $300, and also himself as a witness, to show that he sold to Allen a horse and buggy and took the note for $300 and the mortgage and release from Parker; that Allen was Parker's tenant, and used the horse in making the crop; that he made no other advancements; that he seized and sold the personal property for $140, and that Allen owed him $188 on his note; that more than three bales of cotton were raised by Allen, and three bales were worth $142.

For the defendants Parker & Simmons there was evidence to show indebtedness from Allen to them to a considerable amount, which was a lien upon or secured by a mortgage on the crop.

The plaintiff was recalled as a witness, and offered to show that after the cotton was seized the defendant Parker promised that he should have three bales of cotton.

This was objected to by the defendants as irrelevant, and excluded by the Court, and plaintiffs excepted.

The following issues were tendered by the plaintiff and assented to by defendants:

" Is the plaintiff the owner and entitled to the possession of three bales of cotton of the crop if made by Robert Allen. during the year 1883 on the lands of defendants?"

The Court instructed the jury that upon the testimony the plaintiff was not entitled to recover. The plaintiffs excepted.

The plaintiffs moved for judgment against Robert Allen for $188 and for the personal property described in the complaint, the same having been delivered to him, the plaintiff, by the Sheriff. This judgment was, without objection, rendered. The plaintiff then moved for judgment against the sureties on the undertaking given by defendant. The Court denied this motion, because it was conceded that the plaintiff had taken possession of and sold the property. The plaintiff excepted.

The Court then rendered the judgment which appears in the record. Plaintiff appealed.

*Mr. S. W. Isler*, for the plaintiff.
*Mr. Clement Manly*, for the defendants.

Davis, J., (after stating the case). The first exception was to the exclusion of the evidence of the plaintiff offered to show that after the cotton was seized the defendant Parker promised that he should have three bales of cotton.

This is not an action against Parker for a refusal to comply with a contract or promise to deliver three bales of cotton, but an action of claim and delivery, and the only issue presented is as to the right of the plaintiff to the possession of three bales of cotton of the crop made by " ' Bob' Allen during the year 1883 on the land of the defendant." If Parker had agreed to deliver three bales of cotton to the plaintiff under a contract of sale, or if he had conveyed to the plaintiff by mortgage three bales of cotton, or if, as was pro-

posed to be shown in this case, he had promised that the plaintiff should have three bales of cotton, it would only have given to him the right to sue for the *value* of three bales of cotton if not delivered. There were no *specific three bales* of cotton identified and separated from all other cotton conveyed to the plaintiff, or promised to him, and to which he was entitled to possession. To entitle him to claim and delivery the cotton must be identified.

This has been well settled since the " Buggy Case." *Blakely* v. *Patrick*, 67 N. C., 40; *Atkinson* v. *Graves*, 91 N. C., 99, and cases cited. Concede that, as against Allen, who executed the agricultural lien, the crop to be raised " during the year 1883 on the lands of J. C. Parker or elsewhere," was sufficiently definite, as insisted by the plaintiff, to enable him to maintain claim and delivery against Allen for the crop so raised, it could give no such right against Parker upon his alleged promise that the plaintiff should " have three bales of cotton"; as against him, the plaintiff at most could only have a chose in action, and it was in this view only that the case of *Threadgill* v. *McLendon*, 76 N. C., 24, and other cases cited by counsel for the plaintiff, were applicable.

The evidence offered was properly excluded as irrelevant to the issue.

We can see no error in the instruction of his Honor that upon the testimony the plaintiff was not entitled to recover, nor can we see any error in the refusal of the Court to give judgment against the sureties on the undertaking given by the defendant. Only the crop was replevied by the defendant Parker, and as to that the plaintiff was not entitled to possession.

The other property had been delivered to the plaintiff and sold by him.

No error.                                        Affirmed.