### WALTER BOONE v. JAMES P. DARDEN.

*Crops—Claim and Delivery—Description of Property—Land-
lord and Tenant.*

Crops produced by a tenant being vested in the lessor until the rents
shall be paid, he can maintain an action for the recovery of an
undivided portion thereof, and it is not necessary that he shall
specifically designate in his complaint, or affidavit in claim and
delivery, such undivided part,

CIVIL ACTION, tried before *Connor, J.,* at the Spring Term,
1891, of the Superior Court of NORTHAMPTON County.

The plaintiff alleged, in substance, that he rented a planta-
tion, described in the complaint, to John Drake for the year
1889, for which Drake was to pay $600 rent; that said Drake
raised upon the said plantation peanuts and other crops;
that the rent was due and unpaid, and that the defendant
Drake had removed the peanuts produced on the said plan-
tation and placed them in the hands of the defendant Dar-
den for shipment, and he demands possession of said pea-
nuts, or their value, if possession cannot be recovered.

At the time of issuing the summons the plaintiff, as pro-
vided by ch. 2, §§ 321, *et seq.,* of *The Code,* made claim to the
immediate possession of one hundred and fifty bags of pea-
nuts, alleging that he was the owner and entitled to the
immediate possession of the same, and that they were wrong-
fully detained by the defendant Darden.

In obedience to the Clerk's fiat the Sheriff seized one hun-
dred and fifty bags of peanuts, being a portion of the pea-
nuts in the hands of the defendant Darden.

The defendant Drake denied the plaintiff's claim, alleged
that he was the owner of the peanuts, gave the undertaking
requisite to retain the possession of the property thus seized,
and retained the possession of the peanuts.

By consent, the case was tried by his Honor (a jury trial being waived) on the following admitted facts : The defendant Darden was agent for the R. & T. Railroad at Severn; that the peanuts in controversy were raised by the defendant Drake on the plaintiff's farm in Northampton County in the year 1889 ; that Drake was a tenant of plaintiff at the annual rental of $600, no part of which has been paid; that Drake had carried the peanuts to Severn for shipment, and plaintiff had enough thereof seized to pay his rent; that the Sheriff took one hundred and fifty bags of peanuts from the pile and seized them under the order of Court.

The defendant relied on the point of law that there was no lien on any specific number of bags, and the action could not be maintained.   His Honor ruled otherwise, and refused to dismiss the action, and defendant excepted.

Upon the admitted facts his Honor gave judgment for the plaintiff.   Defendant appealed.

*Mr. R. O. Burton, Jr* , for plaintiff.
*Mr. B. B. Winborne* (by brief), for defendant.

DAVIS, J.: It is insisted for the defendant that there were more than one hundred and fifty bags of peanuts in the possession of the defendant, and "the interest of the plaintiff is not properly described so that the officer can measure it out to him."

By the provisions of *The Code*, § 1754, the entire crop of peanuts raised on the land of the plaintiff (landlord) was vested in possession of the lessor until the rent for the land was paid.   This is conceded, but the defendant insists that the plaintiff has no lien on any specific number of bags.

We are unable to see how, if the plaintiff had a lien upon, and was entitled to the possession of the whole number of bags, he was not entitled to the possession of a portion of

them; nor can we see that any division was to be made by the officer.

*The Code*, § 1754, gives the landlord a lien upon the whole of the tenant's crop to secure the payment of the rent, and, to make the lien more effectual, the crop is "held to be vested in possession of the lessor" until the rents are paid, and if the crop or any *part* thereof shall be removed from the land without the consent of the lessor, the statute gives him the remedies provided in an action upon claim for the delivery of personal property. The lessor's vested right to the possession of the crop is coupled with a *lien* upon the crop to secure the payment of rent or the compliance with stipulations contained in the lease. It is not an unqualified right to dispose of the crop as he pleases, but when the rents are paid and the stipulations of the lease complied with, the right to the surplus passes to the lessee or his assigns, and the lessor has no further right to it. The law is founded on *reason*, and to say that because the plaintiff is entitled to the possession of the entire bulk of four hundred bags to secure his rent, therefore he is not entitled to the possession of one hundred and fifty bags, a part of the four hundred sufficient to secure his rent, is as shocking to *reason* as it would be to say that the whole of a thing does not include all its parts, or that a part is greater than the whole. The plaintiff is entitled to the possession of the whole four hundred bags of peanuts to secure the payment of his rent, and the defendant's mistake is in confounding his right to have one hundred and fifty bags of it seized in an action for the claim and delivery, with his right to seize one hundred and fifty bags to which he might be entitled, out of a mass of four hundred bags, two hundred and fifty of which belonged to some one else, to which he had no right or claim. Counsel for the defendants admit that an action of replevin (in the case before us, claim and delivery) " can be maintained for a part of property in mass, such as oats, corn, etc., but

the interest sued for should be described as so many pounds or bushels, so as to enable the officer to make proper division," and he cites *Blakely* v. *Patrick*, 67 N. C., 40; *McDaniel* v. *Allen*, 99 N. C., 135; Cobby on Law of Replevin, §§ 78, 400, 401, 402; *Law* v. *Martin*, 18 Ill., 286; *Pinall* v. *White*, 23 Ks., 621. Upon an examination of these authorities, it will be seen that they bear no analogy to the case before us. In the case of *Blakely* v. *Patrick*, known as the " Buggy case," the action was " for damages for the conversion of ten new buggies by the defendant." The Court said that the mortgage under which the plaintiff claimed did not pass the title to ten new buggies as an executed contract, but only had the effect of an agreement to sell ten new buggies, for a breach of which damages may be recovered. In the case before us, both the legal title and the right of possession to all the peanuts were, by statute, *vested* in the plaintiff; so, in the case of *McDaniel* v. *Allen*, the plaintiff was not the owner, entitled to the possession of the three bags of cotton sued for, but his remedy was for a breach of contract for refusal to comply. The other cases cited relate to property in mass belonging to different parties, and in which the property is so commingled that each owner cannot identify and show what part of the property so mixed belongs to him, but even then "if a division can be made of equal value," says Cobby, "as in the case of corn, oats, and wheat, the law will give to each owner his just proportion, and each owner may recover his share by replevin." If the plaintiff had been the owner and entitled to the possession of only one hundred and fifty bags of the peanuts, and they had, without any fault of his, been mixed with two hundred and fifty bags belonging to the defendant, we are unable to see why, upon the authority cited by the defendant, this action could not be maintained. The plaintiff was entitled to enough of the crop to pay the rent due, and after his claim was satisfied, the defendant was entitled to the balance discharged of

the lien.  If the plaintiff had seized more than enough to satisfy his lien, and refused " to make a fair division of the crop," the defendant could have compelled him to do so in the manner prescribed in § 1755 of *The Code*, and we are unable to see upon what ground he can complain that the plaintiff, who was entitled to the possession of the *whole* crop to secure his rent, took only enough for that purpose and left him in possession of the balance, to which he was entitled *after*, and not until *after*, the rent was paid.

Affirmed.