J. W. GRAINGER, D. S. BARRUS and A. P. LAROQUE v G. M. LINDSAY, et als.

(Decided November 9, 1898).

## *Subrogation.*

1. Subrogation is an equitable relief, and is usually applied in cases where the complainant has had to pay the debt of another to prevent injury to his own rights or property.

2. It is not applicable where there is a clear remedy at law.

APPLICATION for injunction in a civil action heard before *Robinson, J.,* at CHAMBERS, pending in the Superior Court of GREENE County.

There was a demurrer to the complaint which was overruled by his Honor and a restraining order granted, from which ruling the defendants appealed. The pleadings and facts are clearly stated in the opinion.

*Mr. George M. Lindsay,* for defendants (appellants).
*Mr. Y. T. Ormond,* for plaintiffs.

MONTGOMERY, J.: In 1897 the defendants Bell and Nethicutt, were tenants of the defendant Barwick. The plaintiffs furnished supplies to Bell and Nethicutt to make their crops and took mortgages on the crops to secure their debts. In the fall of the same year the defendant Barwick, in an action to recover possession of personal property, took possession of the crops and gave bond to Bell and Nethicutt for their return, or for the money value thereof if return could not be made, with the defendant Dixon as surety. At the August Term following of Greene Superior Court final judgment was rendered for the defendants in that action for the return of the crops and in case return could not be made for $95, their value. The crops had been disposed of by Barwick, and Bell and Nethicutt were and are insolvent. Execution was about to be issued by Bell and Nethicutt against Barwick, and the plaintiffs brought this action, the object of which is to have them subrogated to the rights of Bell and Nethicutt in the judgment. The defendant Lindsay has bought the judgment, with knowledge of all the facts and is now the owner of the same. The defendants demurred, alleging several grounds for the demurrer.

One ground is for a misjoinder of parties plaintiff and defendant; another is for a misjoinder of actions, and still another is that the relief sought by the plaintiffs, to-wit, subrogation to the rights of Bell and Nethicutt in the judgment cannot be granted.

In proceedings for an injunction in the cause the demurrer was overruled, the defendants given permission to answer, and Bell and Nethicutt were enjoined from collecting the judgment and Barwick from paying the same until the final hearing of the cause.

Whatever irregularities may appear in the case we need not notice, for the judgment or order upon being reviewed here puts an end to the case. It is only necessary to discuss and decide the question of subrogation raised by the demurrer. It is clear that the plaintiffs are not entitled to that relief. This doctrine of subrogation was born of equity, and the ground of relief is not founded on contract. The principle is usually applied in cases where the complainant has had to pay the debt of another to prevent injury to his own rights or to save his own property. There are other instances in the text books and in the decisions of the Courts where the doctrine is applied, but they are all founded on the general principle above stated. Under no head of the doctrine can the plaintiff's claim be classed. For a discussion of the principle of subrogation, see *Liles* v. *Rogers*, 113 N. C., 197, and *Jeffries* v. *Vaughan*, 119 N. C., 135.

Besides, the plaintiffs had their clear remedy in law. The defendant Barwick had taken and converted to his own use the property of the plaintiffs, and he was liable to them for its conversion. It matters not that Bell and Nethicutt, the mortgagors of the plaintiffs, had been permitted to recover the value of the mortgaged property

from Barwick, the wrong doer. And whatever effect that recovery may have had between the parties to the suit, it could not and did not affect the plaintiff's right to recover against Barwick for his conversion of their property.

There was error in granting the injunction, for it appears upon the complaint and the demurrer that the plaintiffs are not entitled to the relief they demand.

