## CECIL M. FOREHAND v. EDENTON FARMERS COMPANY.

(Filed 11 July, 1934.)

1. **Chattel Mortgages A b—**

   A chattel mortgage on "fifteen mules . . . all now in my possession" is held void for indefiniteness of description, it appearing that the mortgagee at the time of the execution of the mortgage had more than fifteen mules in his possession.

2. **Landlord and Tenant D g—Lessor held not entitled to mules purchased by lessee although lease required surrender of same number of mules.**

   Plaintiff leased certain lands together with eleven mules used in cultivating same, the contract providing that at the expiration of the term the lessee should return the "personal property in as good condition as it now is, or its equivalent in kind." Five mules died or were disposed of by the lessee, but the lessee bought five other mules prior to the termination of the lease. The five mules subsequently purchased by the lessee were sold and the proceeds of sale were in the hands of a creditor of the lessee at the time of the submission of this controversy without action. *Held,* in the absence of an agreed fact that the lessee had pur-

chased the five mules as agent of the lessor, or had purchased them with the intention of replacing the lessor's mules with them, the lessor had no title to the five mules so as to be able to maintain a suit for the proceeds of the sale of the mules.

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Moore, Special Judge,* at February Term, 1934, of HERTFORD.

This is a controversy without action. The agreed facts pertinent to a decision of the case are as follows: The plaintiff, Cecil M. Forehand, owned a farm in Northampton County known as the Princeton farm. On 1 January, 1923, said owner leased the farm to A. M. Forehand, and also certain personal property including eleven mules, which were then on the farm and apparently used in its cultivation. The written lease provided that: (1) "It is understood and agreed between the parties that the personal property listed in the inventory hereto attached and made a part hereof is included in the said lease and that upon the termination of said lease A. M. Forehand is to return the said personal property in as good condition as it now is, or its equivalent in kind," etc.

(2) On 1 August, 1931, A. M. Forehand was indebted to the defendant and on said date executed a note and chattel mortgage to said defendant to secure said indebtedness, conveying among other articles of personal property, "fifteen mules and one mare, all now in my possession." This mortgage was duly recorded in Northampton County on 5 November, 1931, and in Chowan County where the mortgagor resided on 9 November, 1933. "The said A. M. Forehand at the time of the execution of said mortgage, was in possession of more than fifteen mules, including mules in his possession on his farms in Chowan County but had in his possession only thirteen mules on the Princeton farm and none elsewhere in Northampton County, but had had fifteen mules on the Princeton farm shortly before, two having died."

(3) The aforesaid rental agreement was terminated at the end of the year 1933, and at this time there were twelve mules and one mare left on the Princeton farm. "Six of these mules and the farming implements which were originally the property of the plaintiff and included in the inventory above referred to were taken back by the plaintiff. The other six mules . . . were not included in the inventory, having been acquired and placed on the farm by A. M. Forehand since the execution of the rental agreement, and were taken and sold by the defendant under its mortgage. All mules placed on the farm by A. M. Forehand were used for the same purpose as the mules included in the original inventory."

(4) It was agreed by the defendant and the plaintiff that plaintiff would not object to the sale of the five mules in controversy, but he

claims the proceeds of the sale received by the defendant from the sale of said five mules, amounting to $308.00.

Upon the foregoing agreed facts the court was of the opinion "that the plaintiff, Cecil M. Forehand, is entitled to recover of defendant, Edenton Farmers Company, the proceeds of the sale of the five mules in controversy, said proceeds amounting to the sum of $308.00."

From the judgment so rendered the defendant appealed.

*D. C. Barnes and W. D. Boone for plaintiff.*
*W. D. Pruden for defendant.*

BROGDEN, J. The case is this: A man owns a farm and eleven mules. He leases the farm and the mules. The lease provides that upon its termination the lessee "is to return the said personal property in as good condition as it now is, or its equivalent in kind," etc. Five of the mules die before the termination of the lease or are otherwise disposed of by the lessee, but said lessee purchases five other mules which he uses upon the farm prior to the termination of the lease. Thereafter the lessee executes a mortgage to the defendant on "fifteen mules and one mare, all now in my possession," and at the time of the execution of such mortgage said lessee had more than fifteen mules in his possession, although not in the same county.

Upon the foregoing facts two questions of law arise:

(1) Was the mortgage of the mules to the defendant void for uncertainty of description?

(2) Does the plaintiff have such title to the five mules subsequently purchased by the lessee, as to maintain this action?

The parties agreed at the time the mortgage was executed that the mortgagor "was in possession of more than fifteen mules, including mules in his possession on his farm in Chowan County, but had in his possession only thirteen mules on the Princeton farm," etc. The description of the property in the mortgage does not identify or except it from the mass, and, therefore, this phase of the case falls within the principle heretofore announced in *Blakely v. Patrick,* 67 N. C., 40; *Atkinson v. Graves,* 91 N. C., 99; *McDaniel v. Allen,* 99 N. C., 135, 5 S. E., 737; *Moore v. Brady,* 125 N. C., 35, 34 S. E., 72.

The general proposition of law contained in the foregoing cases is expressed in *Atkinson v. Graves, supra,* as follows: "It is defective in the further particular that it does not designate and identify the property sought to be conveyed, so that it could be separated from other property of like kind raised by the mortgagor. . . . It is quite as uncertain, if not more so, as the mortgage of 'ten new buggies,' out of a lot of fifteen buggies, which was held to be void for uncertainty;

. . . or twenty sheep in a flock of one hundred; or ten head of cattle in a drove of fifty; or a thousand feet of saw-logs in a certain river, without further description to distinguish them from a much larger mass of logs belonging to the mortgagor in the same river, which is held to be void for uncertainty."

The defendant relies upon the case of *Dunkart v. Rineheart*, 89 N. C., 354, but it must be observed that the description of the trees involved in that case contained certain dimensions which tended to set them apart and mark them out from all other walnut trees on the land.

Nevertheless, it does not appear from the agreed facts that the five mules were purchased by A. M. Forehand as agent of the plaintiff in order to replace the five mules that died or were otherwise disposed of as required in the rental agreement. The parties merely stipulate that "the other six mules . . . having been acquired and placed on the farm by A. M. Forehand since the execution of the rental agreement," etc. Did A. M. Forehand acquire and place these mules on the farm in compliance with the terms of the rental agreement "to return the said personal property in as good condition as it now is, or its equivalent in kind?" Obviously, if A. M. Forehand bought six mules after the rental agreement, not as agent or on behalf of the plaintiff, or with the intention of replacing plaintiff's mules as "equivalent in kind," then the plaintiff would not have such title as to be able to maintain a suit for the' proceeds of the sale of such mules. As the parties have agreed to the facts, this Court must take them as it finds them, and, as we interpret the record, it does not disclose that the plaintiff had title to these five mules, and, therefore, he cannot maintain the action.

Reversed.

SCHENCK, J., took no part in the consideration or decision of this case.