HENDERSON COTTON MILLS v. LOCAL UNION NO. 584, TEXTILE WORKERS UNION OF AMERICA (AFL-CIO); TEXTILE WORKERS UNION OF AMERICA (AFL-CIO); DOUG ROSE, NICK LANGLEY, RUFUS STRANGE, M. LUTHER JACKSON, VERNON W. BURNETTE, ANDREW C. TURNER, CARL C. MOORE, RALPH F. HARRIS, WILLARD O. FAULKNER, JAMES B. H. ROBERSON, ALBERT L. BATTON, HENRY W. STALLINGS, EDWARD J. OFTEN, JAMES E. REARDON, RICHARD F. PARROTT, CLARENCE E. HARPER, JOHN E. STALLINGS, JOE HALE, JOHN LONG, HARRY HICKS, EDWIN ELLINGTON, COY L. PEGRAM, SHERMAN FERRELL, FRANK O. TURNER, LINVEL NELSON, SIDNEY WALLACE, PHIL HARRIS, ELMORE MURPHY, MACON RENN, JOHN OWEN, CLIFTON CARTER, SANDY SAM ROBERSON, JAMES BARKER, EDWARD MOSELEY, WILLIAM TART, MELVIN BRAME, HERMAN MULCHI, R. TALMADGE HARPER, BILLY THOMPSON, JOHN G. MULCHI, JAMES M. WILKERSON, AND ALL OTHER PERSONS TO WHOM NOTICE AND KNOWLEDGE OF THIS ACTION MAY COME.

(Filed 25 November, 1959.)

**1. Appeal and Error § 38—**

Exceptions not discussed in the brief are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court.

**2. Constitutional Law §§ 31, 37:    Contempt of Court § 6:    Criminal Law § 155—**

In proceedings under an order to show cause why respondents should not be held in contempt of court for the willful violation of a restrain-order, the admission of affidavits tending to establish specific acts done by respondents in violation of the order will not be held for error when respondents do not challenge the admission of the affidavits, or indicate any desire to cross-examine any affiant, and make no objection until after judgment, since respondents will be held to have waived their rights of confrontation.

**3. Appeal and Error § 22—**

An exception that the evidence is insufficient to support the findings of the trial court is subject to dismissal as a broadside exception, and is insufficient to challenge the sufficiency of the evidence to support the findings, or any one, or more of them.

**4. Contempt of Court § 6—**

Findings of the court that the respondents with knowledge willfully violated the restraining order theretofore issued in the cause held supported by evidence and binding on appeal.

HIGGINS, J., not sitting.

APPEAL by respondents Lewis Barnett, Annie Clayton Journigan, Faye Forsythe and Bruce Allen Champion, from *Bickett, J.,* in Chambers, 29 April 1959, VANCE County Superior Court. Docketed in this Court as case No. 389.

These respondents appeal from the respective orders entered against them on 29 April 1959, adjudging each one of them in contempt "for wilfully, knowingly and intentionally" violating the terms of the temporary restraining order issued herein on 13 February 1959 by Judge Bickett, based on facts alleged in the verified complaint filed in this action.

The temporary restraining order issued on 13 February 1959 was in full force and effect on 29 April 1959 by order of 5 March 1959. It was continued in full force and effect until the trial on its merits.

The contents of the restraining order, in pertinent parts, having been set out in the case of *Henderson Cotton Mills v. Local Union No. 584, Textile Workers Union of America (AFL-CIO), et al, ante,* 240, and docketed in this Court as case No. 393, will not be set out herein.

Service of the summons, complaint and restraining order was promptly made on all the defendants except Nick Langley, Richard F. Parrott, John E. Stallings and James M. Wilkerson.

The respondents Lewis Barnett, Annie Clayton Journigan, Faye Forsythe and Bruce Allen Champion were not named as defendants

in this action, nor were they served with summons, complaint or restraining order prior to the issuance of the show cause order.

On 26 March 1959, based on plaintiff's verified petition and supporting affidavits for an order to show cause, if any there be, why they should not be held in contempt of court, the court issued a show cause order which was served on each of the respondents on 30 March 1959.

The respondents filed a verified answer in which they denied that they had intentionally violated the restraining order, and alleged that they had no intention at any time to commit a "voluntary and wilful act in violation of said order." The respondents, however, did not assert that they, or any of them, did not have full knowledge of the existence of the restraining order and of the contents thereof.

On 1 April 1959, the return date of the order to show cause, the hearing was continued until 2 April 1959 for the convenience of the respondents and their counsel, and thereafter the hearing was continued from time to time until 29 April 1959, at which time plaintiff introduced in evidence the original complaint, restraining order, petition and exhibits for order to show cause, return of service of summons, return of service of restraining order, and return of service of order to show cause.

J. H. Millard, a Highway Patrolman, who was on duty at the Henderson Cotton Mills, stated in his affidavit, " * * * That Lewis Barnett has willfully violated the terms of said restraining order by hitting an automobile belonging to one of the workers at the Henderson Mills with a rock or brick as said automobile approached the Henderson Cotton Mill on William Street on * * * March 4, 1959, at about 6:50 a.m., in the presence of affiant and J. H. Creech, SHP, in complete defiance and against the terms of the aforementioned restraining order."

Lewis Barnett testified: "* * * I am a member of the Union; I did work at the North Henderson Mill but am now on strike. * * * I did not throw a rock or brick or any article at a car; I didn't see a car hit with a rock that morning * * *. There was quite a number of us on the picket line * * *." On cross-examination this witness testified: " * * * when I walk the picket line, I get 75 feet from the gate because that's what the sign on the fence says. I guess that is required of the restraining order, but I have never read the restraining order. I knew I was not supposed to throw rocks and bricks at the people going to work, and I had heard that there was such a thing as a restraining order. I guess the restraining order prohibited you from throwing rocks and bricks at people; I hadn't ever read it, but I knew the re-

straining order kept you from throwing rocks and bricks at people."

Thomas A. Bryan, a Highway Patrolman, who was on duty at the Henderson Cotton Mills, stated in his affidavit: " * * * That Annie Clayton Journigan has willfully violated the terms of said restraining order by throwing a rock or brick at a worker's car as it was on the way to enter the Henderson Cotton Mill on the morning of Wednesday, March 4, 1959, in the presence of affiant, in complete defiance and against the terms of the aforementioned restraining order."

Annie Clayton Journigan testified: " * * * I live * * * in Henderson. I am a member of the Union and out on strike. I threw a rock but I didn't throw it at no car. * * * Luther King's car was the last car that went down the road and he was a right good ways from me when I threw it. * * * I have never been served with a copy of the restraining order, and have never read it. * * *" On cross-examination, this witness testified: " * * * I knew that the restraining order required you not to interfere with people going to and from work and that I was not supposed to interfere with people going to and from work and that court had restrained me and everyone else from interfering. I knew that before this instance."

With respect to Faye Forsythe, there were four supporting affidavits introduced by the plaintiff. These affidavits were made by W. Cecil Kelly, William W. Bishop, Paul E. Nowell and Leamon W. Byrum, and are to the effect that Faye Forsythe, who lives at 576 William Street, over a considerable period of time after the restraining order had been issued, made it a practice to get out in the street in front of cars carrying workers to and from the Henderson Cotton Mills and in loud and boisterous language would curse the drivers of the cars and call them a "G .. d ... yellow S.O.B.," and would use "loud and boisterous language almost every day, either on the picket line or at the workers as they go by her house."

Faye Forsythe testified: "I belong to the Union and am out on strike. * * * I have not been served with a copy of this restraining order." This witness denied cursing W. Cecil Kelly, William W. Bishop, Paul E. Nowell and Leamon W. Byrum, or either of them. On cross-examination this witness testified: "I use bad language sometimes, if I get mad with my husband, just me and my husband. I have been out in front of my house and called them old scabs and everything when they pass. I do this about every day. I called Bishop a scab, and I called Nowell and Byrum, too. I am out every day, mostly on the picket line. When I am out on the picket line, we all stay 75 feet from the gate because this officer said stay about 75 feet. We stayed within the distance required by the restraining order. We knew about

that. I knew I was not supposed to stand in the street and curse people so I did not stand in the street as I knew that this was prohibited by the restraining order." By the court: "Did you know that a restraining order had been issued by the court preventing you from using vile, abusive language? A. Yes, I knew that. Q. And you knew it all the time? A. Yes, sir."

L. H. Smith, a Highway Patrolman, stated in his affidavit: " * * * On the morning of Thursday, March 19, 1959, I was on duty patrolling in the vicinity of the Henderson Cotton Mill, north of Henderson, N. C. About 7:10 o'clock I noticed a light colored 1954 Ford automobile loaded with workers driving north on William Street approaching the Henderson Cotton Mill gate. This was several minutes after the main group of workers had passed into the mill. As the car passed the picket line there was a group of 10 or 15 men and women standing on the west side of William Street between the street and the railroad tracks. I saw one brick and several rocks thrown from the group at this car of workers. I observed Bruce Allen Champion, who was in the group, step from the main body of the crowd and throw a rock about the size of a baseball at this car. The rock which Bruce Allen Champion threw hit the back of this car loaded with workers. * * *"

Bruce Allen Champion testified that he did not throw any rocks at any car on the occasion described in the affidavit of L. H. Smith. On cross-examination he testified: "I am a member of the Union and I did work in the mill; I walk the picket line now; * * * I knew about the restraining order, that's the reason I didn't throw any rocks; I knew the court had issued the order. I also knew that the restraining order prohibited loud and abusive language and throwing rocks and interfering with ingress and egress and people going and coming from the mill."

In four separate orders dated 29 April 1959 the trial judge found as a fact that each of the four individual respondents "wilfully, knowingly and intentionally violated the terms of the restraining order" and did the acts attributed to each of them "with actual knowledge of the restraining order and its contents," with the knowledge being obtained "by means of the said restraining order being conspicuously posted on bulletin boards set 75 feet on either side of each gate of the Henderson Cotton Mills, and two copies of said order being posted on either side of the door of the Vance County Courthouse, and a copy thereof being published in the Henderson Daily Dispatch, a newspaper published in Vance County, on February 14, 1959, and the contents having been publicized over the radio, and copies there-

of being served on Local Union No. 584, Textile Workers Union of America," and as indicated by their individual testimony.

Upon the foregoing findings set out in the respective orders each of the respondents was adjudged in contempt of court, and it was further ordered, adjudged and decreed that the respondents Lewis Barnett and Bruce Allen Champion be confined in the common jail of Vance County for a period of twenty days and pay a fine of $150.00, and that the respondents Annie Clayton Journigan and Faye Forsythe each pay a fine of $150.00.

The respondents excepted to the respective orders of 29 April 1959 and to the findings of fact and conclusions of law set forth therein and appealed, assigning error.

*Perry & Kittrell, Charles P. Green, A. W. Gholson, Jr., for plaintiff.*
*W. M. Nicholson, James B. Ledford, James J. Randleman, L. Glen Ledford for respondents.*

DENNY, J.    The record shows four assignments of error. However, only two are discussed in the appellants' brief. The others will be deemed as abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544, at page 562, *et seq.*

The appellants assign as error "That in the hearing and determination of this matter, the respondents were denied the right to face and cross-examine their accusers, contrary to the laws of the State of North Carolina."

Here, as in case No. 385, *Harriet Cotton Mill v. Local Union No. 578, Textile Workers Union of America (AFL-CIO), et al, ante,* 218, these respondents did not object to the introduction of the affidavits in evidence when offered, nor did they move to strike the evidence contained therein, or any part thereof. Moreover, they did not request an opportunity to cross-examine the makers of the affidavits introduced by the plaintiff petitioner, or any one of them, nor did they except to the order of Judge Bickett on the ground set forth in this assignment of error; therefore, on authority of the opinion in case No. 385, referred to above, this assignment of error is overruled.

The appellants' remaining assignment of error is based on their general exception to Judge Bickett's order and to the findings of fact and conclusions of law set forth therein.

The appellants contend that the evidence adduced in the hearing below is insufficient to support the findings of the trial judge that the respective respondents wilfully violated the terms of the restraining order.

The exception on which this assignment of error is based is subject to dismissal as broadside. In *Weaver v. Morgan*, 232 N.C. 642, 61 S. E. 2d 916, this Court said: "The exception in the case in hand is 'to the foregoing findings of fact and judgment.' This, as to findings of fact, is a broadside exception. It fails to point out and designate the particular findings of fact to which exception is taken, and it is insufficient to challenge the sufficiency of the evidence to support the findings, or any one, or more of them. *Vestal v. Moseley Vending Machine Co.*, 219 N.C. 468, 14 S.E. 2d 427." Even so, a careful examination of the record reveals that the facts found by the court below with respect to the wilful violation of the restraining order by each of the respondents are supported by competent evidence and such findings are therefore binding upon appeal. *Goldsboro v. Railroad*, 246 N.C. 101, 97 S.E. 2d 486, *St. George v. Hanson*, 239 N.C. 259, 78 S.E. 2d 885; *Burnsville v. Boone*, 231 N.C. 577, 58 S.E. 2d 351; *Poole v. Gentry*, 229 N.C. 266, 49 S.E. 2d 464.

The findings of fact are sufficient to support the conclusions of law and the orders entered with respect to each of the appealing respondents Hence, the orders will be affirmed.

Affirmed.

HIGGINS, J., not sitting.